IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHALMO ROBLES,

    Petitioner,                                  No. CIV S-10-3398 GGH P

    vs.

MATTHEW CATE,

    Respondents.                             ORDER

_____/

I. Introduction

        Petitioner is a prisoner proceeding with retained counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case is before the undersigned pursuant to both parties consent. Docs. 8, 10. Pending before the court is respondent's May 31, 2011, motion to dismiss on the grounds that this action is barred by the statute of limitations and is unexhausted. Doc. 16.

        Petitioner pled nolo contendere to knowingly receiving stolen property and was sentenced to a prison term of one year and four months. Petitioner completed his term of imprisonment and was released on parole to the custody of the United States Immigrations and Customs Enforcement (ICE) who obtained an order removing petitioner based on this conviction, as petitioner is not a US citizen. The sole claim in the petition is that counsel was ineffective for

1

failing to explain to petitioner the immigration deportation consequences of his plea.  For the reasons that follow it is ordered that the motion to dismiss be granted.

II.  Motion to Dismiss

        The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

        Petitioner pled nolo contendere to knowingly receiving stolen property and was sentenced to a determinate state prison term of one year and four months on July 27, 2009.  Lodged Document (Lod. Doc.) 1.  Petitioner did not appeal the conviction.  Therefore, petitioner's conviction became final 60 days later on September 25, 2009, upon the expiration of time to seek review.  Cal. Rules of Court 8.308(a); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1060 (C.D. Cal. 2001) (discussing former California Rules of Court Rule 31(d)) .

        Time began to run the next day, on September 26, 2009.  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  Petitioner had one year, that is, until September 25, 2010, to file a timely federal petition, absent applicable tolling.  The instant action, filed December 21, 2010, is not timely unless petitioner is entitled to statutory or equitable tolling.

Petitioner filed one state post-conviction collateral action:

1. December 17, 2010: Habeas petition filed in California Supreme Court. Lod. Doc. 2. The petition was denied on January 26, 2011, with citations to People v. Duvall (1995) 9 Cal. 4th 464, 474 and In re Swain (1949) 34 Cal.2d 300, 304. Lod. Doc. 3

Statutory Tolling

Petitioner's state petition was filed on December 17, 2010, nearly three months after the statute of limitations had expired. State habeas petitions filed after the one-year federal statute of limitations has expired do not revive the statute of limitations and have no tolling effect. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

Petitioner argues that start date for the statute of limitations should start at a later date pursuant to 28 U.S.C. § 2244(d)(1)(D).[1] Twenty Eight U.S.C. § 2244(d)(1)(D) provides that the limitations period may run from the date on which the factual predicate of the claim could have been discovered through due diligence. A prisoner knows of the factual predicate of a claim "when ... he knows (or through the diligence could discover) the important facts, not when the prisoner recognizes their legal significance." Hasan v. Galaza, 254 F.3d 1150, 1154 n. 3 (9th Cir. 2001) (citing Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000)). Petitioner contends that he did not become aware that he would be deported until April 2010, when ICE initiated removal

---

[1] The court notes that on March 31, 2010, the Supreme Court held that an attorney engaged in deficient performance by failing to advise a defendant that his guilty plea made him subject to deportation. Padilla v. Kentucky, 130 S. Ct. 1473 (2010). However, in the instant petition, petitioner did not raise a § 2244(d)(1)(C) argument to move the start of the statute of limitations. § 2244(d)(1)(C) addresses the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. The Circuits are split on Padilla's retroactivity: United States v. Orocio, 645 F.3d 630 (3rd Cir. 2011) (retroactive); United States v. Chang Hong, __F.3d__, 2011 WL 3805763 (10th Cir. 2011) (not retroactive). The undersigned need not make a determination here on retroactivity because, without a doubt, as seen *infra,* petitioner suffered no prejudice from any alleged ineffectiveness. Therefore, the undersigned will not *sua sponte* raise the § 2244(d)(1)(C) argument– even if so found in petitioner's favor, petitioner's argument on the merits is futile.

proceedings against him. However, petitioner's argument is contradicted by the record.

Petitioner pled guilty on July 24, 2009 and was provided a written advisement of rights, waiver and plea form for felonies. Lod. Doc. 4. The form explained the rights petitioner was waiving and there was a space for petitioner to initial by each right waived and a space for petitioner to sign and date at the end. Petitioner signed and dated the form and declared under penalty of perjury that he read, understood and initialed each item on the form and everything on the form was true and correct. Lod. Doc. 4 at 4. Petitioner also initialed the passage that was labeled "Alien Status" and stated: "I understand that if I am not a Citizen of the United States, my guilty or no contest plea will result in my deportation, exclusion from admission, or denial of naturalization pursuant to the laws of the United States." Lod. Doc. 4 at 3.

During the plea hearing, petitioner was questioned by the trial court regarding the rights he was giving up:

> THE COURT: I have your Waiver of Rights form; did you initial and sign this?
>
> [PETITIONER]: Yes, ma'am.
>
> THE COURT: Did you go through these rights with your attorney?
>
> [PETITIONER]: Yes, I did.
>
> THE COURT: Did you understand these rights?
>
> [PETITIONER]: Yes, ma'am.
>
> THE COURT: Do you have any questions about them?
>
> [PETITIONER]: No.
>
> THE COURT: Do you give up these rights?
>
> [PETITIONER]: Yes, ma'am.

Lod. Doc. 5 at 2.

Petitioner's argument fails as it is abundantly clear that on the day of the plea, he was aware of the factual predicate for this claim. Even if for some reason petitioner was not paying attention to the waiver form, he still could have discovered this claim through the exercise

4

of due diligence prior to ICE actually commencing the removal proceedings. The commencement of removal proceedings is just the date petitioner recognized the legal significance of the claim and will not lead to a later start date. See Hasan. Nor have any arguments been presented why petitioner was unable to discover this claim through due diligence following the plea. The statute of limitations will not start at a later date and this petition is therefore time barred.[2]

Exhaustion

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

Petitioner's petition to the California Supreme Court was denied with citations to People v. Duvall (1995) 9 Cal. 4th 464, 474 and In re Swain (1949) 34 Cal.2d 300, 304. In Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986) the Ninth Circuit considered a state petition denied with a citation to In re Swain, 34 Cal.2d 300 (1949). A citation to Swain, like Duvall, stands for the proposition that a petitioner has failed to state his claim with sufficient particularity and/or failed to include copies of reasonably available documentary evidence to support the claim. In Kim v. Villalobos, the Ninth Circuit found that the Swain citation indicated that the claims were unexhausted because their pleadings defects, i.e. lack of particularity, could be cured in a renewed petition. 799 F.3d at 1319.

////

---

[2] No arguments for equitable tolling have been presented. See also footnote 1 above.

1       However, in Kim v. Villalobos, the Ninth Circuit also stated that it was
2 "incumbent" of the court, in determining whether the federal standard of "fair presentation" of a
3 claim to the state courts had been met, to independently examine Kim's petition to the California
4 Supreme Court. Id. at 1320. "The mere citation of In re Swain does not preclude such review."
5 Id. Pursuant to Kim v. Villalobos the court will review petitioner's habeas petition filed in the
6 California Supreme Court to determine whether his claims were fairly presented.
7       A review of petitioner's claim regarding ineffective assistance of counsel for the
8 plea indicates it was not fairly presented to the California Supreme Court. The petition to the
9 California Supreme Court (Lod. Doc. 2) included the criminal complaint and the abstract of
10 sentence. However, the petitioner did not include the transcripts of the plea hearing or any other
11 documentary evidence regarding the plea. These documents would be vital for the California
12 Supreme Court to rule on the merits. Without these documents the claim was not fairly
13 presented to the California Supreme Court and the claim is not exhausted as it could be cured in
14 a renewed petition in state court.
15       Respondent's motion to dismiss is granted as the petition is untimely and even if
16 the petition was timely, the sole claim is unexhausted.
17       Accordingly IT IS HEREBY ORDERED that:
18       1. Respondent's motion to dismiss (Doc. 16) be granted and this case dismissed;
19       2. The court hereby issues a certificate of appealability.
20 Dated: October 3, 2011

   /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH: AB
robl3398.mtd